UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DEDRA ADAMS                                                                     PLAINTIFF

v.                                              CIVIL ACTION NO. 3:05-CV-128-S

EXPRESSJET AIRLINES, INC.                                    DEFENDANT

### **MEMORANDUM OPINION**

This matter comes before the court upon the motion of the plaintiff, Dedra Adams ("Adams"). Adams asks that the court pursuant to Fed. R. Civ. P. 59(e) alter or amend its grant of summary judgment to the defendant, ExpressJet Airlines ("ExpressJet"). "Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). They are not, however, an opportunity for a party to reargue her case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

Adams contends that her motion should be granted on the bases that we committed clear error and created a manifest injustice by dismissing her case. Yet, after reviewing the parties' briefs in this matter, as well as our Memorandum Opinion and Order (DNs 31 & 32) granting ExpressJet summary judgment, we find that our decision was well-reasoned and consistent with the standard for summary judgment. Nonetheless, Adams argues that we (1) applied the incorrect standard for summary judgment by failing to draw all reasonable inferences in her favor; (2) failed to analyze her retaliation claim under the correct standard; and (2) erroneously barred her April 2003 racial discrimination claim. These arguments lack merit.

While Adams is correct that when analyzing a motion for summary judgment the court is obligated to draw all reasonable inferences in favor of the non-moving party, she confuses inference

with a legal conclusion based on uncontroverted evidence, or, as in this case, a lack thereof. A court may enter summary judgment when the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Adams failed to present evidence establishing an element of her *prima facie* case of race discrimination – that similarly situated non-protected employees were treated more favorably by ExpressJet. Employees similarly situated to Adams would have been those Counter Sales Agents/Airport Sales Agents with medical restrictions.[1] An injury does not equal a medical restriction. One can have the former but not the latter. Although Adams provided evidence demonstrating that non-protected employees were permitted to work with injuries, she was unable to show that these same employees were medically restricted. Thus, her claim of race discrimination necessarily failed.

We also dismissed Adams' allegations of retaliation for her inability to establish a *prima facie* case on this claim. We repeat here what we explained in our Memorandum Opinion: that the December 3, 2003 email Adams sent to Aniccia Miller was too vague to constitute protected activity; that Adams failed to show she suffered a materially adverse change in the terms and conditions of her employment or that her workplace was permeated with discriminatory intimidation, ridicule, and insult; and that even if Adams had made these showings, she did not demonstrate that the alleged instances of adverse action and retaliatory harassment were causally connected to the filing of her EEOC complaint.

Moreover, Adams' contention that we applied the incorrect standard for assessing adverse action is incorrect. Adams argues that we should have applied the standard set forth by the Supreme Court in *Burlington Northern & Santa Fe Ry. v. White*, 126 S.Ct. 2405, 2415 (2006). She further

---

[1] As stated in the Memorandum Opinion, to be "similarly situated," Adams and the non-protected employee must be similar in all *relevant* aspects. *McMillan v. Castro*, 405 F.3d 405, 414 (6th Cir. 2005). There can be no "differentiating or mitigating circumstances that would distinguish" ExpressJet's treatment of non-protected employees. *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998).


insists that the Sixth Circuit standard we used from *Hollins v. Atlantic Co.*, 188 F.3d 652 (6th Cir. 1999) and *Akers v. Alvey*, 338 F.3d 491 (6th Cir. 2003) was overruled by *Burlington*. Adams, however, misconstrues *Burlington*, which did not overrule any Sixth Circuit standard. The Court in *Burlington* clearly states that adverse actions must be *materially* adverse: "The Court refers to *material* adversity to separate significant from trivial harms." *Burlington*, 126 S.Ct. at 2407. This is precisely the standard this court applied, and as stated in the Memorandum Opinion, the allegations of harm propounded by Adams failed to meet this standard. Because of this, and because of Adams' inability to meet other elements of a *prima facie* case of retaliation, her claim failed.

Adam's attempted claim of race discrimination based on her April 2003 hand injury also failed, albeit for another reason. In the Memorandum Opinion we stated that "[t]he allegations Adams makes with regard to that hand injury are beyond the scope of the pleadings and time-barred." As Adams contends, we failed to recognize that this claim would still be viable under the Kentucky Civil Rights Act, which has a five-year statute of limitations and which, unlike Title VII, has no administrative step to satisfy prior to bringing suit. Nonetheless, any claim made with regard to that injury is still barred given that the Complaint is silent with regard to a April 2003 hand injury and any alleged discrimination flowing from such injury. The first time Adams discussed the April 2003 injury was in her Response and Memorandum in Opposition to ExpressJet's Motion for Summary Judgment. This is inconsistent with the notice pleading standard, which requires the plaintiff to put the defendant on notice of her claim and basis for seeking recovery. Fed. R. Civ. P. 8(a); *Gregory v. City of Louisville*, 444 F.3d 725, 754 ("'The liberal notice pleading of Rule 8(a) is the starting point of this Court's analysis of whether Plaintiff sufficiently put the City on notice of his claim and basis for seeking recovery." *Id.* (quoting *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002))).

The remainder of Adam's motion is laden with arguments previously made in her Response and Memorandum in Opposition to ExpressJet's Motion for Summary Judgment (DN 30). We

decline to address these arguments and refer Adams to the Memorandum Opinion for the court's reasoning on why summary judgment in favor of ExpressJet was and still remains appropriate. As such, we will deny the Motion to Alter or Amend.

    A separate order consistent with this opinion will be entered herein this date.